[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 377 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 378 
The making and delivery of the note by the defendant, for work done under the contract to a greater amount than the face of such note, and its acceptance by Walker, the other party to the contract, operated in law as a change or modification of such contract, in respect to the payment, to the extent of the amount of the note. There being no fraud, or mistake of facts, the party giving the note is precluded from setting up the contract to defeat a recovery upon it. This was held in Thorpe v. White
(13 Johns. 53), a case quite analogous to this. (See also 1 Parsons on Notes and Bills, 197, 200.) This must be so, upon principle. The note certainly was founded upon a good consideration. There is no pretence of any fraud or mistake of facts. It was not given in pursuance of the contract, but upon a new agreement, which was a waiver of the terms of payment prescribed in the contract. A subsequent breach of the contract by the payee could not affect the note, which was given for work already performed. Such a breach could, by no possibility, be construed into a failure of the consideration of the note. The referee was entirely right, therefore, in holding that the failure by the payee of the note to perform the contract fully and completely, was no defence to the action on the note. It was, however, a good defence to the action upon the contract, to recover the balance remaining unpaid, and so the referee held. It is objected on the part of the defendant that the referee has not found, as a fact, that the contract was modified by the giving and acceptance of the note. That was unnecessary. The law infers the modification *Page 379 
from the mere fact that a note was made and taken containing an absolute promise to pay different from the terms of the contract. A party may unquestionably waive a right founded on the entirety of a contract, and substitute a different promise, in whole or in part, which will be completely obligatory if accepted by the other party.
The question then arises whether the defendant was entitled to have the amount of his alleged claim for damages determined by the referee, and allowed as a counter-claim upon or against the note. Most clearly not. The amount which would have been due the plaintiff on the contract, had the work been fully and completely performed, was $100. The referee has found, as matter of fact, that the plaintiff had substantially performed the contract on his part, with the exception of one or two pairs of window blinds, which he was bound by his contract to make, but had not made. He also finds that some of the work which had been done by the plaintiff was not in all respects as it was required to be done by the contract, but that it was done in good faith, in the manner it was done, and without any wilful departure from the terms of the contract, and was pro tanto a substantial compliance with the contract. The result of this finding is that the plaintiff had substantially completed his contract, except in the failure to make the blinds, which had not been made, nor the making in any respect waived by the defendant. In this respect the plaintiff had not attempted to perform. There was nocomplete performance substantially. The action upon the contract therefore necessarily failed. (Smith v. Brady, 17 N YR. 173.) The action on the contract having failed, the defendant's counter-claim, growing out of the contract, and being in amount considerably less, necessarily failed also. In strictness the defendant had then sustained no damage at the hands of the plaintiff. Having received, and being in the enjoyment of, the fruits of the plaintiff's labor and skill, for which he is not required to make any *Page 380 
compensation whatever, and the injury by reason of the defects being much less in amount than the value of the labor, it is clear that the defendant is not damnified. He is, on the contrary, considerably benefited. This question is to be considered precisely as though the action had been brought upon the contract alone. The position of the defendant then is this: He refuses to pay, or perform on his part, but insists upon enforcing the contract against the plaintiff. He alleges that the plaintiff has broken the contract, or failed to perform it, and cannot, therefore, compel him to pay, and yet insists that he can compel the plaintiff to pay for defects in the work, for which the latter gets no compensation. This, I apprehend, he can scarcely be allowed to do. He cannot both repudiate the contract, and enforce it, in the same action. Had the defendant brought his action to recover damages for the non-performance of the contract on the part of the plaintiff, it would have been necessary for him to allege performance or an offer to perform on his own part, or he would not have stated a cause of action. Certainly he is in no better situation in regard to his counter-claim as defendant. Having interposed the plaintiff's breach, in avoidance of his own obligation to pay, and procured a ruling to that effect in his favor, he is in no situation to enforce the contract against the other party, in any particular, especially in the same action.
The judgment is clearly right upon both grounds, and must be affirmed.