By the Court, Jones, J.
The plea of accord and satisfaction is not supported by the proof. The only tender was made to the plaintiff’s attorney, who declined to accept it as satisfaction. Consequently one of the essentials to the validity of a plea of accord and satisfaction, viz. an accept *166 anee, is wanting. It is true, he agreed to and did accept payment of a draft held 'by him, upon the defendants; but he declined to, and did not accept it as a payment made under the agreement of August 8,' 1863, and he wholly declined to accept the costs of suit. (Tilton v. Alcott, 16 Barb. 598. Geary v. Page, 9 Bosw. 290.)
But conceding that the sums stipulated to be paid by that agreement have been paid to, and received by the plaintiffs, in full satisfaction of the whole claim, still neither, the agreement nor the' payment made thereunder would have constituted a defense to this action brought to recover the balance left unpaid.
A payment by a debtor, of a less sum than the amount of his indebtedness, in satisfaction of an indebtedness due his creditor, although such lesser sum be expressly received by the creditor, in full satisfaction, does not constitute an accord and satisfaction, and does not extinguish the creditor’s right to recover the balance of the indebtedness, (cases above cited; also Dederick v. Leman et al 9 John. 333;) unless, perhaps, the transaction is of such a character as to constitute a compromise of an honestly disputed claim. (Palmerton v. Huxford, 4 Denio, 166. Pierce v. Pierce, 25 Barb. 243. Neary v. Bostwick, 2 Hilt. 514.) To bring a case within this exception, the circumstances must be such as to show that the creditor knew the precise objections raised by the debtor to the claim, and by accepting" the lesser sum recognized their validity; and also to show that the objections were made in good faith and not as a mere cover to give color to a compromise, so as to evade the principles relating to accord and satisfaction.
.The proof in this case does not bring it within the exception. It does not appear that at the timé of the agreement the plaintiff knew what objections .were raised to his claim. It cannot, therefore, be inferred that he recognized their validity.
The appellant’s counsel has cited two cases which he deems sustains his defense of accord and satisfaction. They *167 are Walker v. Millard, (29 N. Y. Rep. 375;) and Koon v. Knap, 8 id. 402.) A mere inspection of the first case is sufficient to show that it has no bearing on the principles under discussion. The second case is worthy of a little more attention, because it is possible that its bearing may be misapprehended. On a careful reading, it will be seen that this case decides but two principles: 1st. That a contract agreeing to take a certain sum in full compensation for damages arising out of personal injuries, can be pleaded in bar of an action brought to recover damages for such injuries. This holding does not infringe on .the principle relating to the plea of accord and satisfaction, for those principles apply only to damages arising out of a breach of those contracts, which are capable of being accurately measured according to definite legal rules. Thus the damages arising from not paying a promissory note are, immediately on the breach, adjusted by the law at the amount of the note and the interest thereon, from the date it became due; while in the case of personal injuries there can be no adjustment, except by a verdict, the amount of which, until rendered will, of course, be uncertain.
Now, in the one case the law says it cannot be allowed for you to take advantage of your creditor’s necessity for ready money, and by paying him $50 to relieve yourself from paying $100 which you justly owe him and ought to pay; while in the other it says, as the law fixes no sum which shall be your compensation for a personal injury, and as you are fully as capable of determining what would be a proper compensation as a jury is, it is . perfectly proper that you should agree on the sum which you consider as sufficient compensation, and, after having so agreed, that you should not be permitted to speculate on the probability of a jury thinking your own estimate too low.
The other principle decided by the case of Koon v. Knap, (8 N. Y. Rep. 402,) is that a receipt, which is in its nature ¡a contract, cannot be varied or altered by parol; and that this doctrine applies as well to receipts which are contracts *168 for the compromise of contract debts, as to other contracts. There is no question of the correctness of this decision. But it has nothing to do with the principle applicable to the case at bar. Although such a receipt cannot (except such portion as acknowledges the receipt of a consideration) be contradicted or varied by parol; yet that does not make the contract expressed in the receipt a binding or valid one. The question in the case at bar is whether the contract in question is valid and binding; and for the reasons just given we think it is not.
The appellant, however, further insists that the action is not brought by the real party in interest. The referee has found as a fact, that the plaintiff employed the defendants as his agents, to collect a certain claim, the defendants to pay the same to the plaintiff, when collected. This finding is sustained by the evidence. The suit is brought to recover a balance remaining in the defendants’ hands from collections made by them on their claim. The doc|trine in the case of principal and agent applies, which is: ¡“If an agent receives money for his principal, he is bound to pay it over to him, and he cannot be converted into a trustee for a third person by a mere notice of his claim.” (Story on Agency, 3d. ed. § 217.) Nor can he dispute the title of his principal. (Id.)
The only remaining matter urged by the appellant’s counsel is that the defendants should be credited with the • sum of $500, by reason of a draft drawn on them by the plaintiff in favor of Col. Bliss, for $600. Upon this draft the defendants paid Bliss $100. There is evidence tending to show that the balance was paid by crediting it to Bliss’ account for prior advances made to him. . But, on the other hand, there is evidence contradictory of this, and tending to show that no more than $100 has been paid on it. Upon this contradictory evidence, the referee has found as a fact, that no further.payment than $100 has been made on this draft. His finding on this point is conclusive. We have *169 then a draft drawn by the plaintiff on the defendants, in favor of Bliss, for $600, not accepted in writing, and on which only $100 has been paid. For the balance, the defendants are not liable to Bliss. They are not liable as acceptors, because they have never accepted in writing; they are not liable to him as assignee of the plaintiff because the draft in question does not operate as an assignment. Even if the evidence is sufficient to establish a parol promise, made by the defendant to Bliss to pay him the whole amount of the draft, still1 23**6 Bliss could not recover on such promise. (Luff v. Pope, 5 Hill, 413. Winter v. Drury, 1 Seld. 525. Pike v. Irwin, 1 Sandf. 14.)
Thus nothing has changed the original liability of the the defendants to pay this balance to the plaintiff.
Judgment affirmed, with costs.