JOHN R. WOODWARD, Respondent, v. JULIA K. FULLER, Appellant.

Where a contractor has in good faith intended to comply with a building contract, and has substantially so done, although there may be slight defects caused by inadvertence or unintentional omission, which are susceptible of remedy without difficulty, so that an allowance out of the contract price will give to the other party a full indemnity, he may recover the contract price, less the damages, on account of such defects.

To justify a recovery, however, the defects must not run through the whole work, or be so essential as that the object to have a specified amount of work done in a particular manner, is not accomplished.

Where, therefore, plaintiff undertook in good faith the performance of a contract for altering a dwelling-house, and performed it substantially; but through his own inadvertence and that of his workman, and through want of skill and judgment on their part, some of the specifications were not fully performed, i. e., the roof and chimneys were not well supported, folding doors were not well hung, and the casings thereto well fitted, tar-paper and clapboards in a few instances not well put on, and one door and casing not fitted so that the door would shut. Held, that as it appeared that all of the defects could be easily remedied, and they did not pervade the whole work; also that they were not so essential as to defeat the object of the parties, plaintiff was entitled to recover the contract price, less the damages.

Plaintiff also contracted separately to build a piazza, which contract he performed, and he did extra work. Held, that in any view plaintiff was entitled to recover for the piazza and the extra work; that money paid upon the principal contract could not, nor could the damages be set off or applied thereon.

(Argued February 23, 1880; decided March 9, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action, and the facts, appear sufficiently in the opinion.

*Samuel Hand*, for appellant.  Full performance was a condition precedent to the plaintiff's right to demand any portion of the price. (*Pullman* v. *Corning*, 9 N. Y., 93; *Smith* v. *Brady*, 17 id., 173; *Walker* v. *Millard*, 29 id., 375; *Phillip* v. *Gallant*, 62 id., 264; *Glacius* v. *Black*, 50 id., 145; *Sinclair* v. *Talmadge*, 35 Barb., 602.)  The defects, not being slight, trivial or unimportant, the question of compensation cannot arise in an action brought on the contract, as there has not been a substantial compliance with the terms of the contract.  (*Smith* v. *Gugerty*, 4 Barb., 620; *Pullman* v. *Corning*, 14 id., 174, 178, 179; *Sinclair* v. *Talmadge*, 35 id., 602, 604; *Smith* v. *Brady*, 17 N. Y., 173; *Walker* v. *Millard*, 29 id., 375; *Glacius* v. *Black*, 50 id., 145; *Phillip* v. *Gallant*, 62 id., 264; *Woodruff* v. *Hough*, 1 Otto [U. S.], 596.

*Geo. L. Clark*, for respondent.  Plaintiff having substantially complied with the contract, and there having been no wilful departure from its terms, or omission in essential parts, was entitled to recover. (*Sinclair* v. *Talmadge*, 35 Barb., 604, 605; *Underwood* v. *Farmers' J. S. Ins. Co.*, 57 N. Y., 506; *Hoseley* v. *Black*, 28 id., 444; *Glacius* v. *Black*, 50 id., 150, 153; *Johnson* v. *DePeyster*, id., 666; *Woodruff* v. *Hough*, 1 Otto, 596; *Phillips* v. *Gallant*, 62 N. Y., 264, 265.)

*Per Curiam.*  This is an action to recover the unpaid part of the price agreed upon in a builder's contract for the altering of a dwelling-house, and the price agreed upon in another contract for building a piazza thereto, and the value of work done not named in those contracts.  Part of the compensation reserved by the principal contract was to be made as the work progressed under it, in board of plaintiff and his workmen, and fodder for his horse.  Part of the compensation in money — which was $550 in all — was to

be paid as the work progressed or when it was done. That part was $200 or $300. Part was to be paid in money at the end of the work, or by something in lieu thereof that the plaintiff could use. In effect, if the defendant so chose, there was no money to be paid by her until the plaintiff had performed his contract; and in that respect the contract is to be treated as one, the price whereof was not to be paid until completion. The time of payment for the piazza was not named; and was therefore due when the work was done. The extra work was in the nature of things to be paid for when it was done, and in money to the amount of the worth of the work. The plaintiff entered upon the work named in the contract and brought his work to an end. The defendant made him the compensation which was not reserved in money, and paid him upon the contract in cash and otherwise, as the work was going on, $82.96. The piazza was built as agreed. The extra work was done well enough, and to the satisfaction of the defendant, and was worth $90.50. The defendant has always been in the possession of the work done by the plaintiff under the principal contract.

That contract was not fully performed by the plaintiff in some particulars; but he undertook it, intending in good faith to do it, and did substantially perform all the conditions of it; yet failed in some particulars to fully perform some of the specifications as his duty and the fair intent and meaning of the contract asked of him; which failure was caused by his inadvertence and that of his workmen, and by the want of skill and judgment of some of the latter. Such are the findings of the referee. He has also found the particulars, in which he says that the plaintiff failed of performance; and that finding will be spoken of further on. The referee found that the defendant was damaged by the failure of the plaintiff in the sum of $100.

Nothing has been paid upon the price of the piazza, nor for the extra work.

The plaintiff had judgment upon the report of the referee for the amount of the two contracts and the value of the

extra work, less the sum paid to him and the amount of the defendant's damages.

Can this judgment be upheld ? It can be for the price of the piazza and for the value of the extra work. These were distinct from the principal contract, and the performance of the plaintiff was complete therein. The money paid by the defendant upon the principal contract went upon that alone, and cannot be set off or applied elsewhere. Nor can the damages from the defects in the work done under the principal contract be set off or applied to them. If the plaintiff may recover for what he did under that contract, then those damages, as they are less than the amount that must in such case be allowed to him, will apply there. If he may not recover thereon for lack of full performance, then the defendant may not have those damages of him at all. (*Walker* v. *Millard*, 29 N. Y., 375.)

As to the principal contract, the plaintiff did not fully perform it. As the defendant was not bound to pay the contract price, so far as it was to be paid in money, until the contract was fully performed by the plaintiff, full performance by him was therefore a condition precedent to his right to have payment, unless she has accepted the work or waived such a performance. (*Pullman* v. *Corning*, 9 N. Y., 93; *Smith* v. *Brady*, 17 id., 173.)

There is no finding that the defendant waived such a performance, or that she accepted the work as complying with the contract. If the plaintiff is to be held strictly to the terms of his contract, he must fail to recover thereon, and that he should be, is the effect of the earlier cases in this state : (See those cited in the opinion of Comstock, J., in 17 N. Y. [*supra*], 185.) But there has been a relaxation of that rule, and now on such a contract there may be a recovery without a literal or exact performance of it. It is now the rule, that where a builder has in good faith intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertence or unintentional omissions, he may recover the con-

tract price, less the damage on account of such defects:
(*Sinclair* v. *Tallmadge*, 35 Barb., 602; *Johnson* v. *De Pey-
ster*, 50 N. Y., 666; *Glacius* v. *Black*, 50 id., 145; *Phillips*
v. *Gallant*, 62 id., 264.) The defects must not run through
the whole, nor be so essential as that the object of the parties,
to have a specified amount of work done in a particular
way, is not accomplished : (62 N. Y. [*supra*].) It is also
held that these are questions of fact for the trial court : (See
cases last above cited.) This, of course, is applicable to the
case in hand. We will be bound by the general finding of
the referee, which we have recited above, unless the particu-
lars, which he has also found, so clash with it as to make it
naught. For those particulars, he found that the roof and
chimneys were not well supported ; that folding doors were
not well hung, and the casings thereto well fastened ; that
the tar-paper and clapboards, in some few instances, were
not well put on, and one door and casings not fitted so that
the door would shut. It is for us to say, if these defects
pervaded the whole work, or are so essential as that the
object of the parties failed of accomplishment. It is plain,
from a consideration of what the plaintiff was to do by the
contract, and did effect by his work, that these defects did
not pervade the whole work. An instance of what may be
meant by that phrase is found in 9 N. Y. (*supra*), where, in
a contract to build a cobble-stone house, were walls so badly
built that two-fifths needed to be taken down and rebuilt.
In our case the roof sagged, but the roof seemed tight, and
the defect could be remedied by raising it and putting under
supports. This could be done without disturbing the other
parts of the house, or interrupting the use of it by the
dwellers therein, more than the occasional renewal of shin-
gles would do, to which every wooden building is subject.
The plan of the contract for the roof could be carried out
simply, and at not great expense. And one witness testifies
that since he first saw it in the sagging state, it has been
raised. The chimneys shook when force was put to them.
But a plank spiked on to the support given to them by the

plaintiff, and nailed on the end of the building would stay them enough. As doors are easily to be removed and replaced, it is plain that any defects in hanging them could be remedied by taking them off and putting them on again properly, or others in their stead. The defects in them did not pervade the whole work, or make the object of the parties impossible or difficult of accomplishment. And so with the other defects. They do not affect the whole work. They are defects by themselves. They are of such nature as that the material object of the parties is not defeated by them, and they are susceptible of remedy without difficulty. They are such as that the work needed to make them what they should be is no other, in degree or difficulty, disturbance or inconvenience, than such as is the ordinary repair to buildings from year to year, made needful by wear and tear and decay. There has been no deviation from the general original plan that was in the mind of the parties when they made their contract. Some of the details of that plan have not been done as completely as they should have been. But the lack therein is such that an allowance out of the contract price will make to the defendant full indemnity: (*Glacius* v. *Black*, 67 N. Y., 563.)

The judgment should be affirmed.

All concur, except RAPALLO, J., not voting.

Judgment affirmed.