By the Court.—Ingraham, J.
The order of the special term entered October 28,1884, appointing a new referee and providing that the testimony theretofore taken in the action before a former referee, should be received before the substituted referee, as if taken before him, was unauthorized so far as it provided that such evidence taken before the former referee should be received before the substituted referee.
No appeal, however, was taken from that order, but it appears that on meeting before the substituted referee, it was stipulated and agreed by the counsel for the respective parties, that the plaintiff’s attorney would produce the plaintiff in the action for further cross-examination, if desired by the defendant after the defendant had closed his case, and thereupon the defendant agreed to waive all question as to the regularity of the order of refei ence.
*48 By failing to appeal from the order of October 28, and by this stipulation, the defendant accepted the terms of the order, and it is too late for him now to object thereto.
It thereupon became the duty of the referee under the order and stipulation to receive the evidence taken before the former referee, as evidence in the action. The evidence of the witnesses for the defendant having thus been taken, whether or not the referee should permit such witnesses to be re-examined was a question resting in his discretion, and except in the case of .the abuse of such discretion, presents no question for review. The referee expressly held that if the witnesses offered to be produced by the defendants, were called to testify to new facts they could be sworn, but no such claim was made. Counsel for the defendants insisted on his right to give his evidence before the referee. The evidence of the witnesses being already before the referee, whether or not they should be allowed to testify again was, as' before stated, within his discretion, and his rulings cannot be reviewed.
The referee found that on June 15, 1883, a contract was made between the parties hereto, whereby the plaintiff agreed to perform certain work and labor and furnish certain materials for the defendants, for the sum of $1,984 j that the defendants paid to the plaintiff on account of such contract, the sum of $1,000; that the plaintiff failed to complete his contract; and that the plaintiff therefore was not entitled to recover for the balance due on the obligation of such contract.
The referee further found that subsequent to the making of the aforesaid contract, the plaintiff in consideration of the sum of $120, which the defendants promised and agreed to pay, agreed to perform work and labor and furnish materials, in painting the front of the building known as the Peoples’ Theatre, and the plaintiff duly performed the said contract.
The referee further found that the plaintiff, at the *49 request of the defendants, performed certain work and labor in addition to the contracts above specified, and that said extra work, labor and materials are reasonably worth the sum of $1,633.64; and that plaintiff is entitled to recover from the defendants the price of $120, and the value of the extra work and materials furnished, $1,633.64, less the sum of $198.06, and orders judgment therefor.
We have examined the voluminous testimony in the case with care, and are of the opinion that there is evidence to sustain the findings of the referee.
The defendant Miner was present on the premises during the performance of the contract, and the plaintiff swears that when the work was about two thirds through, defendant Miner paid him $1,000, on account of this contract.
It was held in Woodward v. Fuller (80 N. Y. 315), that the money paid to the contractor upon the principal contract goes upon that alone, and cannot be set off or applied elsewhere, and that notwithstanding the fact that the contract itself was not in all respects performed, the plaintiff may recover the reasonable value of any extra work performed by him.
There is also evidence to sustain the finding of the referee that the work claimed as extra work was not included in the original contract, and that such extra work was reasonably worth the sum allowed by the referee therefor.
We also agree with the referee in his 13th finding, that there was not sufficient evidence to justify a finding as to the damage sustained by reason of the breach of the contract alleged.
It not appearing, therefore, that the damage sustained was greater than the sum to be paid under the original contract the defendant is not entitled to recover upon his counterclaim, under the authority of Woodward v. Fuller (supra), where it is said: “ If the plaintiff may recover for what he did under the contract, *50 then those damages, as they are less than the amount that must in such case be allowed to him, will apply there. If he may not recover thereon for the lack of full performance, then the defendant may not have those damages of him at all.”
• On the whole case we are of the opinion that the judgment appealed from does substantial justice, and that no error requires that it should be reversed.
Judgment should therefore be affirmed with costs.
Sedgwick, Ch. J., concurred.