(21 Misc. Rep. 690.)

### KOHL v. FLEMING et al.

(Supreme Court, Appellate Term.    November 24, 1897.)

1. ACTION ON CONTRACT—FAILURE TO PERFORM.
　　A builder who has failed to completely perform his contract in every detail
　　cannot recover the contract price less deductions for the necessary expense
　　of completing the work, where an intention to substantially perform has
　　been negatived by his refusal to complete when called on.

2. COUNTERCLAIM—ENFORCEMENT.
　　Where a contractor, for lack of substantial performance, cannot recover
　　even the agreed price less expense of completion, the defendant's counterclaim
　　for a smaller sum for damages from defects in the work fails also.

Appeal from Fifth district court.

Action by Henry Kohl against Charles Fleming, James Spearing,
and Hugh Spearing.　From a judgment in favor of defendants
Spearing on a counterclaim, plaintiff appeals.　Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Simon Sultan, for appellant.
Andrew Wilson, for respondent Fleming.

BISCHOFF, J.　The plaintiff claimed a lien upon the premises
owned by the defendant Fleming, for an unpaid balance alleged to
be due him under an entire contract, whereby he had agreed to per-
form certain specific work upon the interior of the building in ques-
tion, for the sum of $380; this agreement having been made with
the defendants Spearing, who were alleged to have been under con-
tract with the owner for the erection of the building, which was to
be used as a stable.　Defendants Spearing had made payments to
the plaintiff, on account of the contract, aggregating $313.80; and
to his claim for the balance, together with a demand for the value
of alleged extra work, they interposed a counterclaim of $30, for
damages sustained by them because of his failure to perform, deny-
ing that he was entitled to anything under the contract or for extra
work.　Upon the issue of performance the evidence was in direct
conflict, but, from the testimony adduced for the defense, the trial
court was well authorized to find that the plaintiff had not substan-
tially fulfilled the agreed requirements, and had refused to supply
the omissions when his attention was called to them.　This being
found as a fact, the plaintiff was not entitled to a recovery of the
contract price, nor could he demand that he be credited with that
amount, less deductions for the necessary expense to which the de-
fendants were put when completing the work (Woodward v. Ful-
ler, 80 N. Y. 312), since any intention to substantially perform was
negatived by his refusal to complete when called upon.

The finding that no labor was furnished by him beyond such as
the contract called for was also supported by acceptable evidence,
and, so far as the judgment operated to deny the right to a lien or
to a personal recovery against the defendants Spearing, it may not
be disturbed.　The allowance to these defendants of $40 upon their
counterclaim, however, was unauthorized, as a matter of law, apart

from the objection that the award exceeded the demand of the
answer, and was not supported in its extent by the proof.    This
counterclaim was for expense incurred by the Spearings in complet-
ing the work which the plaintiff had assumed to perform; and this.
expense, so far as the evidence shows that it was incurred for labor
which was called for by the plaintiff's contract, was occasioned by
the necessary employment of a carpenter's labor for five days, at
the rate of $3.50 a day; in all, $17.50.    Had the plaintiff completed
the work, and thus become entitled to the agreed compensation, or
had the defendants completed it for his account, the balance due
him would have been considerably in excess of this sum; and while,
for his nonperformance, he could not establish a right to that bal-
ance, the defendants' counterclaim of a lesser amount must be held
to have failed with the failure of the contract out of which it arose.
Walker v. Millard, 29 N. Y. 375; Woodward v. Fuller, supra.

Therefore the judgment must be reversed, and a new trial ordered,
with costs to appellant to abide the event, unless the respondents
Spearing shall within five days stipulate that the judgment be mod-
ified by striking out the provision for an affirmative recovery; and,
as so modified, the judgment will be affirmed, without costs.    All
concur.

---

(21 Misc. Rep. 683.)

### SPERO v. LONG ISLAND R. CO.

(Supreme Court, Appellate Term.    November 24, 1897.)

1. INJURY TO PASSENGER LANDING FROM FERRYBOAT.
   When a ferryboat enters its slip, and is fastened to the float or bridge,
   and the gates are thrown open for passengers to pass out, a given passenger
   is justified, if no gang plank is provided, in believing that the boat will re-
   main against the float, and that the designated pathway will continue safe
   for its purposes.
2. SAME—NEGLIGENCE OF CARRIER.
   The backward impulse of a ferryboat, after it is fastened to the float, so as
   to leave a space in which a passenger's foot is caught while he is passing
   from the boat, is an occurrence which the owner of the boat is under a duty
   to avoid, or, if it was unavoidable, to explain by satisfactory evidence.

Appeal from Seventh district court.