RYAN v. VOELKL.

(Supreme Court, Appellate Term. March 24, 1899.)

1. BUILDING CONTRACTS—SUBSTANTIAL COMPLIANCE—RECOVERY OF CONTRACT PRICE.

Where a building contract contains no agreement for the satisfaction of an architect, the contractor, on showing a substantial compliance in good faith, and approval by the health authorities as required, though there may be slight omissions, is entitled to recover the contract price, less the damage resulting from such omissions.

2. APPEAL—REVIEW.

Whether or not a building contract was substantially performed is a question of fact for the trial court.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by John J. Ryan against George Voelkl. There was a judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edward Herrmann, for appellant.
Augustus S. Houghton, for respondent.

LEVENTRITT, J. The plaintiff brought this action to recover the sum of $179.90, being the balance due on contract and for extra work done on an extension to the defendant's premises. The answer embraces an admission to the extent of $97.20, a general denial, and a counterclaim in the sum of $300 for imperfect work and delay. Respecting the item of delay no proof was offered. As to the other issues, the conflicting evidence was weighed by the court, and resulted in an adjustment of the respective claims in favor of the plaintiff in the sum of $116. We find that conclusion amply justified by the evidence. The defendant seeks reversal upon the denial of his motion to dismiss the complaint on the ground that there was failure to prove that the work was done to the satisfaction of the architect, and

in compliance with the laws of the health department.   We find no provision in the agreement introduced in evidence calling for the satisfaction of the architect, and the plaintiff therefore became entitled to recover upon establishing substantial performance, and showing approval of the health authorities.   There was abundant evidence of substantial performance.   Although there may have been slight defects and unintentional omissions, the plaintiff in good faith intended to comply with the contract, and substantially did so. Woodward v. Fuller, 80 N. Y. 312; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271.   Whether the contract had been substantially performed was a question of fact, to be determined, on all the circumstances of the case, by the trial court.   Nolan v. Whitney, 88 N. Y. 648; Smith v. Brady, 17 N. Y. 189.   Therefore the plaintiff became entitled to recover the contract price, less the damage resulting from the defects and omissions (Woodward v. Fuller, supra), provided the work was done according to law.   That fact the architect admitted. There was consequently no foundation for the motion.   The judgment is just, and must therefore be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.