RICHARDSON & MORGAN CO. v. GUDEWILL.

(City Court of New York, General Term.   December 27, 1899.)

1. BILLS AND NOTES—CONSIDERATION—WAIVER.
   Where a note is given pursuant to the terms of a contract, and for the exact sum therein specified, the fact that the payee has failed to perform his part of the contract is a good defense to an action by him on the note, as going to the failure of consideration.

2. SAME—WAIVER.
   The giving of a note as consideration for a contract, as provided therein, does not, in the absence of evidence of a further or different agreement, or of performance and acceptance, constitute a waiver of rights under the contract.

Appeal from trial term.

Action by the Richardson & Morgan Company against Rudolph H. E. Gudewill.   From a judgment for plaintiff, entered upon a verdict directed by the court, defendant appeals.   Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and O'DWYER, JJ.

William A. Sweetser, for appellant.
Hitchings, Palliser & Moen, for respondent.

SCHUCHMAN, J.   The complaint sets forth a cause of action on a promissory note made by defendant to the order of plaintiff, dated October 20, 1898, for $244, payable on January 1, 1899, for value. The answer, in its second separate defense, sets forth that the note was given pursuant to a contract between plaintiff and defendant, that plaintiff failed to perform its part of the contract, and that, therefore, the consideration of the note failed.   The contract, which is made part of this separate defense, is annexed to the answer, and consists of a proposition by plaintiff and an acceptance by defendant as follows (only the material part being here stated):

"Dr. R. H. Gudewill—Dear Sir:   For and in consideration of the sum of $394, payable as arranged, we will furnish and set in your house one No. 267 Richardson's Cyclone portable steam boiler, with guarantied heating capacity of 800 square feet of radiation, with all necessary valves and connections.   Radiators will be connected with the boiler by pipes of ample size to insure perfect circulation and entire freedom from water hammering, and to thoroughly warm all radiators.   All work and material shall be first-class in every respect, and the apparatus to be of sufficient capacity to heat the room connected with the radiators.

"Respectfully submitted,   -   The Richardson & Morgan Company.
                                    "J. J. Richardson, President."

"New York, September 6th, 1898.
   "I hereby accept your proposal of June 8th for furnishing and setting in my house one No. 267 Cyclone boiler, with all fixtures, etc., as specified, complete, as specified in your proposition of June 8th, and for which I agree to pay you the sum of $394.   The terms of payment to be $150 when goods are delivered and set.   Balance in note due January 1st, on which $44 is to be paid, and one renewal allowed for balance."

The answer, in paragraphs 10 and 11, avers, after setting up what plaintiff contracted to do, that plaintiff failed on its part to perform any and every part of its contract except the setting of a steam

boiler, steam pipes, and radiators. It avers that the connections of radiators with boiler were not by pipes of ample size, and that all work and material was not first-class, as plaintiff had agreed to furnish. On the trial the only witness called was one Williamson, an employé of the plaintiff, who testified that he received the note in suit from the defendant; whereupon plaintiff's attorney moved for the direction of a verdict in plaintiff's favor, claiming that the separate defense set up in the answer presented no defense. The trial judge so held. This, we claim, is error. The note was given in pursuance of the contract for the exact sum therein stipulated, and, if plaintiffs failed to perform their part of the contract, it goes to the failure of the consideration of the note.

The second separate defense set up in the answer is well pleaded. It sets forth the contract, the breach thereof, and that the note was given in pursuance of the contract. Appellant seeks to invoke a rule that the giving of the note after the completion of the contract was an acceptance of the work, and a waiver of any defense to such note when due; and cites Walker v. Milliard, 29 N. Y. 375. Where is the proof of the completion of the contract, or of the time of the completion? There is none in the case. Nor is there any in regard to the acceptance of the work by defendant, nor of the value of the work done up to the time of the giving of the note. In Walker v. Milliard, supra, plaintiff agreed to do certain work in repairing two houses for $600 when the job was completed. Plaintiff proceeded with the work, and before it was completed defendant paid him $100 on account, and, when the job was nearly completed, defendant gave him a note of $400. It was held:

"The making and delivery of the note by the defendant for work done under the contract to a greater amount than the face of such note and its acceptance by Walker, the other party to the contract, operated in law as a change or modification of such contract, in respect to the extent and the amount of the note. There being no fraud or mistake of facts, the party giving the note is precluded from setting up the contract to defeat a recovery upon it."

A party may waive a right founded on the entirety of a contract, and substitute a different promise, in whole or in part, which will be completely obligatory if accepted by the other side. But in the case at bar no different promise is substituted for the one contained in the contract. Nothing is waived, and the note given is for the identical promise contained in the contract, and in pursuance of the contract.

Judgment reversed, and new trial granted, with costs and disbursements to the appellant to abide the event. All concur.