## WILLIAM CONROY v. WILLIAM LOGUE.[1]

October 31, 1902.

Nos. 13,110—(101).

### Promissory Note—Failure of Consideration.

> In an action upon a promissory note, the answer admitted its execution, and alleged that prior thereto the maker and payee had entered into a certain contract whereby the payee agreed to drill a well upon the maker's farm which would produce water in sufficient quantities for his purposes; that in pursuance thereof the payee drilled a well, and represented to the maker that he had found water in the required quantity; that, relying upon such representations, the maker executed a note in payment therefor; that such representations as to the supply of water were untrue; that the well was not as represented, and was of no value; that a renewal note and certain payments made thereon were given in consideration of the payee's promise to sink the well deeper and cause it to produce the amount of water originally agreed upon, but that the payee had failed so to do. To this answer a reply was served which alleged that the maker of the note had tested the well, satisfied himself that it was all right, and accepted it, and in consideration thereof executed the notes in question. *Held*, that the answer stated a good defense, to the effect that there was a failure of consideration for the note, and that the trial court erred in granting a motion by plaintiff for judgment upon the pleadings.

Appeal by defendant from a judgment of the district court for Stevens county, Flaherty, J. Reversed, and new trial granted.

*R. H. Grace* and *James B. Ormond*, for appellant.

*Lewis C. Spooner*, for respondent.

LEWIS, J.

This action was brought to recover the sum of $199.56 due upon a promissory note dated April 9, 1895, given by defendant to plaintiff.

The answer admitted the execution of the note, and by way of defense alleged that in 1892 plaintiff and defendant entered into a certain contract whereby plaintiff agreed to drill and construct for defendant upon his farm a tubular well which would produce

[1] Reported in 91 N. W. 1105.

87 M.—19

an abundant and never-failing supply of water, and in sufficient quantities for the purposes of defendant's wants; that in pursuance of such contract the plaintiff drilled a well to the depth of about one hundred eighty feet, and represented to defendant that he had found water in the required quantity; that, relying upon plaintiff's representations as to the supply of water the well would produce, the defendant, being in ignorance of the true condition, executed and delivered to plaintiff a certain promissory note, identical with the one upon which this action is brought. The answer further alleges that said representations as to the quantity of water produced by the well were untrue; that it did not give more than a few pails of water, and that the well was not as represented by plaintiff, and was of no value to defendant; that after the execution of the original note, when defendant had discovered the well did not furnish the supply of water represented, and was of no value to him, he immediately notified the plaintiff to that effect, and the plaintiff thereafter repeatedly promised that he would bore the well deeper, and cause it to produce the quantity of water originally guarantied; that thereafter, when the original note matured, in consideration of plaintiff's continual promises and representations that he would drill the well deeper and cause it to supply the requisite amount of water, defendant executed a renewal of said original note, which renewal note is the one involved in this suit; and the answer further alleges that all payments that had been made upon said note were made in consideration of plaintiff's promises to perfect the well, which plaintiff has wholly failed to do.

To this answer a reply was served by plaintiff, wherein he avers that pursuant to agreement, and in consideration of an agreed price per foot, he put down a tubular well to the depth of one hundred eighty-seven feet, and that after its completion the defendant tried and used the well, and satisfied himself that it was all right, and accepted it, and, in consideration of plaintiff's performance of the contract on his part, defendant executed and delivered to him the original promissory note; and that the note now sued upon was a renewal of the original note simply for the accommodation of defendant. Upon motion of plaintiff, judgment

was entered for him upon the pleadings, and from the judgment so entered the defendant appeals.

In our opinion, the answer states a defense. There is a clear allegation that the note was given in consideration of a promise by plaintiff to build for defendant a well of a certain capacity; that upon plaintiff's representations that the well, when finished, would produce the agreed quantity of water, defendant executed and delivered the original note in payment therefor; that the well did not supply the quantity of water represented, of which fact plaintiff was notified, and, in consideration of his repeated promises to make the well comply with his original contract, defendant gave plaintiff the renewal note here in controversy, and made certain payments thereon; and, finally, that plaintiff has failed to carry out his promises. These allegations constitute a complete failure of the consideration for the notes. The reply tenders an issue upon the defense that the well did not produce the requisite supply of water, and alleges, as new matter, that defendant accepted the well as being in compliance with the contract. There were therefore brought to issue certain specific questions of fact.

The respondent, in his brief before this court, took the position that the defense pleaded in the answer was not in the nature of a failure of the consideration, but that it was an attempt to plead a breach of warranty, and, there being no allegation as to what the well would have been worth if it had been constructed in accordance with the warranty, there is no basis upon which to estimate damages for a failure to comply therewith. The case of Plano Mnfg. Co. v. Richards, 86 Minn. 94, 90 N. W. 120, referred to, is not in point. While we do not think that the defense pleaded in the answer in this case is strictly in the nature of damages for the breach of warranty, yet, if so treated, the pleading is sufficient, within the rule applied in that case. The note was given in consideration of the delivery of a well which would produce the requisite quantity of water. Consequently it necessarily follows that, if such a well had been delivered, the value of it would be at least the amount of the note.

Judgment reversed, and new trial granted.