### MANUFACTURERS' COMMERCIAL CO. v. KLOTS THROWING CO.

(Circuit Court of Appeals, Second Circuit.   April 13, 1909.)

No. 203.

1. BILLS AND NOTES (§ 468*)—ACTIONS—COMPLAINT.

In an action on a note reciting that it was "subject to terms of a contract between maker and payee" of a certain date, it is not necessary that the complaint allege performance of such contract by the payee; any failure of performance available to defeat recovery being matter of defense.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1463; Dec. Dig. § 468.*]

2. ACTION (§ 22*)—CAUSE OF ACTION—LEGAL OR EQUITABLE.

An action at law cannot be maintained in a federal court by an assignee of a written instrument for the payment of money on an oral promise by the maker to pay the amount called for by such instrument, made to the payee after its assignment, where it is not alleged that the defendant, when the promise was made, knew of the assignment or intended the promise for the benefit of any third party.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124-145; Dec. Dig. § 22.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Ivins, Mason, Wolff & Hoguet (William M. Ivins, Robert Louis Hoguet, and William L. Ransom, of counsel), for plaintiff in error.

Learned Hand and Harold B. Elgar, for defendant in error.

NOYES, Circuit Judge. The amended complaint states two causes of action of which the following is a summary of the first:

(1) The defendant made and delivered to the Regenerated Cold Air Company this instrument:

"$3,166.00/100.                                    New York, January 15th, 1906.

"Six months after date we promise to pay to the order of Regenerated Cold Air Co. thirty-one hundred and sixty-six 00/100 dollars at 487 Broadway, N. Y. City, with interest at 6% per annum. Value received, subject to terms of contract between maker and payee of Oct. 25th, 1905.

"No. ———. Due July 15th/06.                  Klots Throwing Co.,
                                                "H. D. Klots, Prest."

---

(2) The Regenerated Cold Air Company, for value, before maturity, indorsed, assigned, transferred, and delivered said instrument to the plaintiff, which continues to own and hold the same unpaid.

The defendant demurs upon the ground that sufficient facts are not stated to constitute a cause of action.

The demurrer to this cause, in the opinion of the majority of the court, is not well founded. Whether the instrument in question is negotiable is not very material here. Indeed, it is not of especial importance whether it is, strictly speaking, a promissory note at all. It is an instrument for the payment of money for value received at a fixed time. It has—according to the complaint—been assigned for value to the plaintiff, and consequently the plaintiff has the right to recover upon it. Moreover, in suing upon the instrument, it is not necessary to allege performance of the contract referred to in it. Performance of the contract was not, either by the contract itself or by the instrument, made a condition precedent to the payment of the money stipulated in the instrument. Failure of performance in whole or in part was available, if at all, as a matter of defense or counterclaim.

The following is a summary of the second cause of action:

(1) The defendant executed and delivered the instrument described in the first cause of action to the Regenerated Cold Air Company, and it was duly transferred to the plaintiff.

(2) Before the maturity of said instrument, and while it was in the hands of the plaintiff, the defendant, for certain considerations received from the Regenerated Cold Air Company, promised to pay said instrument.

The defendant demurs to the second cause of action upon these grounds:

"(a) That there is a defect in the parties defendant, because the corporation Regenerated Cold Air Company has not been made a party defendant, though to it alone was made the only promise of the defendant.

"(b) That the cause of action set forth is one of equitable cognizance solely, and cannot be heard by the law side of this court, where it now is.

"(c) That the said causes of action are improperly united, because the first is necessarily triable at law, and the second is solely cognizable in equity.

"(d) That the complaint in the said cause of action does not state facts sufficient to constitute a cause of action."

We think this demurrer to this cause of action well founded. Without passing upon the question whether an action at law can be maintained in the federal courts by a third person upon a promise made and intended for his benefit; or for the benefit of a class of persons to which he belongs, we are of the opinion that such an action cannot be maintained when it does not appear that the party promising knew that any third person was interested in or affected by his promise. Thus in the present case it is not alleged that the defendant, when it promised to pay the instrument, knew that it was in the hands of the plaintiff. For all that appears, the defendant supposed that it was dealing with, and intended to deal with, the Regenerated Cold Air Company alone. The plaintiff, as the holder of the note, may succeed to the rights of that company; but we think it the better view that it should look to equity for the enforcement of such rights.

The judgment of the Circuit Court, in so far as it sustained the demurrer to the first cause of action, is reversed, and, in so far as it sustained the demurrer to the second cause of action, is affirmed.