Karl v. Maloney.

---

No. 23,643.

F. W. Karl, *Appellee,* v. John Maloney, *Appellant.*

SYLLABUS BY THE COURT.

1. Promissory Notes—*Failure of Consideration—Answer States Good Defense —Demurrer.* Where a note is given in consideration of the promise of the payee to deliver an article the breaking of that promise is a defense to an action on the note which is commonly and intelligibly referred to as a failure of consideration, whether or not that term is strictly accurate.

2. Same. Where a note is given in consideration of a promise of the payee to give the maker a certificate of shares in an oil enterprise, nothing being said as to when the delivery is to take place, there is an implication that it is to be made within a reasonable time, and in an action on the note begun over a year later the allegation of an answer that the consideration had failed because no certificate had been delivered, coupled with a statement showing an intention not to deliver it, sufficiently alleges a breach of the agreement.

3. Same—*Answer—Selling Stock in Violation of Blue-sky Law.* An allegation in such an answer that at the time of the transaction referred to the payees were selling such shares in violation of the blue-sky law, while very general in its terms, is held as against a demurrer sufficient to present the issue of the sale having been made in violation of that law.

Appeal from Dickinson district court; Roswell L. King, judge. Opinion filed April 8, 1922. Reversed.

*W. H. Carpenter, W. R. Carpenter,* both of Marion, *C. E. Rugh,* of Abilene, *O. M. Platt,* and *James P. Coleman,* both of Junction City, for the appellant.

*G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellee.

The opinion of the court was delivered by

MASON, J.: F. W. Karl sued John Maloney upon two promissory notes, given to Williams & Ketchersid and by them indorsed to the plaintiff. The defendant answered setting up facts alleged to amount to a failure of consideration and unlawful conduct on the part of the plaintiff in the transaction in the course of which the notes were given, and charging the plaintiff with notice of these defenses. An objection to the introduction of any evidence under the answer—in effect a demurrer to it—was sustained, judgment was rendered for the plaintiff, and the defendant appeals.

1. The answer contained allegations that the notes were given for shares in an "oil proposition," the payees promising to deliver to the defendant certificates thereof; that such delivery had never been made; and that within a day or two after the execution of the notes the payees and the plaintiff entered into collusion to cheat the defendant, in pursuance of which plan the notes were indorsed to the plaintiff, an agreement being made between the payees and the plaintiff that no shares should be issued to the defendant. The plaintiff suggests that under these allegations, inasmuch as the consideration for the notes was the payees' promise to deliver the certificates, the promise having been made there could be no failure of consideration, whether the promise was kept or not. The expression "failure of consideration" is sometimes treated as meaning the same as "want of consideration." Whether or not a difference between the two phrases can be justified as a matter of verbal accuracy, where a note is given in consideration of a promise the breaking of the promise is a defense to an action on the note, which is often spoken of as a failure of consideration. (13 C. J. 368; *Richardson & Morgan Co. v. Gudewill,* 61 N. Y. Supp. 1120; *Gale v. Harp,* 64 Ark. 462; *Palmer v. Guillow,* 224 Mass. 1.)

2. The plaintiff contends, however, that the allegation of the nondelivery of the certificates does not amount to a statement that the promise had been broken, because it does not appear that the time for delivery had arrived, nothing having been said as to when they were to be delivered. In the absence of any express provision, the implication is that the certificates were to be furnished within a reasonable time. (23 R. C. L. 1368.) The notes were due in nine months and the action was brought nearly five months after their maturity. Especially in view of the allegation that the plain-

Karl v. Maloney.

tiff and the payees agreed that no shares should be issued to the defendant the petition as against a demurrer must be deemed to charge a breach of the promise to deliver the certificates. This allegation is sufficient also to put in issue the question of the plaintiff being a holder of the notes in due course.

3. The part of the petition alleging illegality in the transaction reads as follows: "Defendant further says that the said N. B. Ketchersid and Roy Williams, at the time of the execution and delivery of the notes aforesaid, and at the time of the sale to this defendant of the shares of 'Fawley Royalty,' were selling and disposing of the said 'Fawley Royalty' in violation of the so-called blue-sky law of the state of Kansas; and that plaintiff knew this to be the fact at the time he took said notes." The plaintiff asserts that the paragraph quoted contains "nothing more than a conclusion without a single fact upon which the conclusion could be based"; that it lacks these statements: that the shares referred to were speculative securities within the meaning of the blue-sky law (Laws 1919, ch. 153, § 1); that they were not excluded from that category by exceeding one twenty-fifth of the whole royalty (same, subdiv. 7); that the payees were issuers of the shares and were not selling them for their own account in the usual course of business (same act, § 5); and that the "Fawley Royalty" had not complied with the law.

It is true the allegations are extremely general, but we think by a very liberal interpretation they may be regarded, when attacked by demurrer and not by a motion for greater definiteness, as sufficient to charge a violation of the statute.

The judgment is reversed and the cause is remanded for further proceedings in accordance herewith.