(No. 5198.  November 22, 1929.)

SHEPPARD INVESTMENT COMPANY, a Corporation, Respondent, v. C. B. ROSCOE, Appellant.

[283 Pac. 519.]

F. A. McCall and Arthur W. Holden, for Appellant.

Otto E. McCutcheon and Geo. W. Edgington, for Respondent.

WM. E. LEE, J.—The Market Lake Basin is said to be in the shape of a huge saucer, and without any outlet, other than seepage and evaporation, for the water that accumulates from the rains and melting snow. The Sheppard Investment Company, plaintiff, being the owner of considerable land in the lower part of the basin, made and entered into contracts with a number of land owners with the object of draining the water from the lands. Roscoe, one of the land owners,

signed one of the contracts and a promissory note. This action was brought on the note, the complaint alleging it *in haec verba*. A demurrer to the complaint was overruled. Roscoe answered and set up two affirmative defenses. The first was based on fraud ''in procuring the note and contract, including the fraudulent non-performance of the contract.'' The second affirmative defense set up the nonperformance of the contract and the consequent failure of consideration for the note. On proving the note, the amount due thereon, and its admission in evidence, plaintiff rested, whereupon the court properly denied defendant's motion for nonsuit. At the close of the evidence on behalf of defendant, the court directed a verdict for the plaintiff; and it is from the judgment entered on that verdict that this appeal is prosecuted.

It is first contended that the demurrer to the complaint should have been sustained. The argument is that since the note contained the provision, written in pen and ink on the printed form, ''This note in connection with and to apply on contract made this date for ditching and boring wells in Market Lake Basin,'' it was incumbent on plaintiff to plead the contract and allege its performance. With this, we do not agree. The provision would seem to have little, if any, effect as between the original parties. Either with or without the provision, as against the.payee, the maker had a right to set up any equities or defenses that grew out of the contract. Neither the note nor the contract made the performance of the contract a condition precedent to a suit on the note. It was not necessary, therefore, for plaintiff to plead the contract and its performance. (8 C. J. 869, sec. 1138; *Manufacturers' Commercial Co. v. Klots Throwing Co.*, 170 Fed. 311, 95 C. C. A. 203.) For later decision in same case, see *Klots Throwing Co. v. Manufacturers' C. Co.*, 179 Fed. 813, 103 C. C. A. 305, 30 L. R. A., N. S., 40.

The action of the court, in directing a verdict for plaintiff, is the principal ground on which a reversal of the judgment is sought. In consideration of defendant's promise to pay five hundred dollars, as evidenced by the note, plaintiff, among other things,—

" . . . . agrees to bore and case to rock six wells for drainage purposes in the locations which their engineers consider the most favorable for greatest efficiency, economy considered, all of which shall be located in the north end of the basin known as Market Lake, Jefferson County, Idaho; to dig such ditches for draining the water to the wells as they deem will do the most good to all concerned, and to give them a fall or grade of not less than one foot to the mile; to deepen approximately two miles of ditch on the east side of the O. S. L. Ry. about three feet, said ditch commencing on or about the intersection of the railroad right-of-way on the east side of the O. S. L. R. R. track and north line of Sec. 20, Township 5 North, Range 37 E. B. M., thence running south parallel to the railroad track for about one mile to the intersection of the slough under the railroad track, then following out the slough in an easterly direction to the river, distance about one mile."

In directing the verdict, the district judge explained his position as follows: "The court takes the position that there were wells dug in compliance with the agreement, and there were ditches dug. Whether they were any good, or not, is not a question here, because the contract did not require the plaintiff to drain the land, it required it to dig wells and ditches." The learned judge took too narrow a view of the obligation assumed by plaintiff. The whole object of the undertaking, according to its terms, was "drainage," and the wells were to be bored and the ditches dug for that purpose. The contract required it "to bore and case to rock six wells for drainage purposes in the locations which their engineers consider most favorable," and "to dig such ditches for draining water to the wells as they (their engineers) deem will do the most good to all concerned." The evidence does not show, as stated by the trial court, that the wells were bored and the ditches dug in compliance with the contract. It tends to show the contrary; that the wells were not cased to rock; that no engineers were employed; and that the wells were not bored in the most favorable locations. The evidence also tends to show that there were no

ditches leading to some of the wells; that water would not run in some of them and that they were not located by engineers. One witness testified that no drainage ditches were dug. And there was testimony that the banks of the ditches surrounding plaintiff's lands served as dikes to prevent water upon other lands from flowing into any of the ditches leading to the wells, all of which were on plaintiff's lands; and that, as to defendant, instead of draining his land and thereby benefiting him, the banks of one of the ditches actually impounded water on his land.

Drainage is generally an engineering problem. At least the parties to this action so considered it. The contract required plaintiff to follow the advice of its engineers in locating its wells and ditches, and the note was given in consideration of the promise to construct the drainage system in accordance with the contract. It is true that the contract contains no guaranty that the drainage of the lands would be accomplished by boring the wells and digging the ditches provided therein, according to its terms; but, as a matter of law, a contract to bore certain wells and dig certain ditches for drainage purposes, under engineering supervision, is not complied with by boring the wells and digging the ditches without engineering assistance. And there is a failure of consideration for a promissory note, given in consideration of an agreement to construct certain works, for drainage purposes, according to the advice of engineers, where the works, which proved wholly ineffectual, were constructed without the advice of engineers. (1 Joyce's Defenses to Commercial Paper (2d ed.), secs. 344, 504; *Conroy v. Logue,* 87 Minn. 289, 91 N. W. 1105; *Gross v. Bennington,* 52 Wash. 417, 100 Pac. 846; 8 C. J. 755, note 94; *Richardson & Morgan Co. v. Gudewill,* 30 Misc. Rep. 818, 61 N. Y. Supp. 1120.)

While it is apparent from a reading of the transcript that there was insufficient evidence to establish the first affirmative defense, it is our conclusion that there was sufficient evidence of a failure of consideration that the cause should have been submitted to the jury, and that the court erred in directing the verdict.

■■■ One Christensen, a licensed civil engineer, made a survey of the drainage system a year or two after its completion. He was able to testify quite definitely as to the wells, the elevation, width and depth of ditches, and in all manifested considerable knowledge of the country and the system. The court refused to permit him to testify whether, in his opinion the drainage work had been ''done under the direction of an engineer.'' The witness had shown himself qualified to give an opinion, and the information sought was not ''immaterial,'' the ground of the objection. Assignment of error No. 13, is not borne out by the folio reference. As to assignment of error No. 15, it may be said that while a party to an action should be permitted to make an offer of proof with respect to any matter in issue, especially in the absence of the jury, there is no merit in the ruling complained of; it was wholly immaterial what the witness' reasons were for not entering into a contract with plaintiff. With respect to assignment of error No. 18, the court should have permitted the witness to answer the question. It was preliminary and was asked for the purpose of laying a foundation for the admission of evidence that was material to the controversy. The other assignments of error have been examined and found to be without merit.

The judgment is reversed and the cause remanded for a new trial.

Costs to appellant.

Budge, C. J., and Givens, T. Bailey Lee and Varian, JJ., concur.