THE JOHN SLAUGHTER COMPANY v. THE STANDARD MACHINE COMPANY.

(Filed 21 October, 1908.)

1. **Pleadings—Demurrer—Principal and Agent—Sales Agent Furnished—Damages.**

   When it is alleged that defendant was to furnish plaintiff an experienced and successful sales agent for goods sold to it; and damages are claimed on account of the agent furnished having run away with plaintiff's horse and buggy and embezzled its funds, but it is not alleged that defendant knew that the character of the agent was bad, a demurrer to the complaint should be sustained. The agent furnished by the defendant became the plaintiff's agent alone when it employed him.

2. **Pleadings—Demurrer—Contracts—Counterclaim, When Available.**

   In an action for damages claimed by reason of embezzlement by a sales agent furnished to plaintiff by defendant, it is admissible, under Revisal, sec. 481, for defendant to set up a counterclaim for the price of the machines it was alleged that the agent was furnished to sell, though the price for a part of the machines became due after the commencement of the action; for the counterclaim is a cause of action connected with the subject-matter of the action, and one arising on contract and existing at the commencement of the action on the contract.

3. **Same—Judgment on Counterclaim.**

   When in reply to an answer alleging a counterclaim the plaintiff denies liability thereon on the ground that an installment of the counterclaim became due after the commencement of the action, judgment on the counterclaim may be properly rendered if it arose out of the same transaction.

ACTION tried before *Guion, J.,* and a jury, at June Term, 1908, of WAYNE.

The defendant demurred to the complaint and set up a counterclaim. The demurrer was sustained and judgment rendered against plaintiffs for the amount of the counterclaim. Plaintiff appealed.

*J. L. Barham, W. T. Dortch* and *W. C. Munroe* for plaintiff.

*Isaac F. Dortch* and *Aycock & Daniels* for defendant.

CLARK, C. J. The court rendered judgment upon the pleadings. It appears therefrom that the plaintiff admits the purchase of the sewing machines at the price stated, but seeks to recover damages because, as it alleges, the defendant agreed to furnish the plaintiff an experienced and successful agent to sell the machines, and that said agent embezzled the horse and buggy furnished him and ran away with certain collections made by him. The defendant denies agreeing to furnish the agent, but, the judgment being rendered on the pleadings, this must be taken as true. When furnished, the agent became the agent of the plaintiff, and any loss from his misconduct falls upon the plaintiff. The defendant is not liable, unless the defendant knowingly or negligently or fraudulently imposed a bad servant upon the plaintiff, and this is not alleged in the complaint. It does not appear that the agent had not been successful and was not experienced. It is alleged that the agent proved to be dishonest, but it is not averred that his character was known by the defendant to be bad. The complaint avers that the said agent committed the acts of dishonesty "while so engaged in the employment of the plaintiff." He could not be the agent of both the plaintiff and defendant in selling machines for the plaintiff. The plaintiff bought the machines to resell. It could not be that the defendant agreed through its own agent to sell them for plaintiff.

The defendant was a manufacturer of sewing machines. The plaintiff company was engaged in the business of buying and retailing them. The allegations in the complaint, taken as true, do not impose any liability upon the defendant for the dishonesty of the agent it sent to the plaintiff and the latter employed.

The counterclaim for the price of the sewing machines is admissible under both divisions of Revisal, sec. 481: (1) It is a cause of action connected with the subject of the action; indeed, it arises out of the same transaction. In such case

it is immaterial whether plaintiff's claim arises in tort or contract.  *Bitting v. Thaxton,* 72 N. C., 541; *McKinnon v. Morrison,* 104 N. C., 354; *Branch v. Chappell,* 119 N. C., 81.  (2) In an action on contract, any other cause of action arising on contract and existing at the commencement of the action.

It is true the reply denies that the plaintiff owes the sum set up in the counterclaim, but that is a conclusion of law, for the purchase and price of the sewing machines are admitted, and the liability therefor is denied solely on the ground that the agent recommended by the defendant and employed by plaintiff proved to be dishonest.  The second installment of purchase money for the machines fell due after the beginning of this action, but before the trial.  "Arising out of the same transaction," it was available.  It is only when the counter-claim is "another cause of action" arising on contract that it must "exist at the commencement of the action."  Revisal, sec. 481 (2).  This is not required under subsection 1 of Revisal, sec. 481.  *Smith v. French,* 141 N. C., 8.  While the counterclaim is for a second purchase of machines, section 3 of the reply alleges that such second purchase was made upon the inducement that the defendant was to send plaintiff a successful and experienced agent.  This was a part of the same transaction.  The subsequent conduct of the agent was not; but for that, as we have seen, the defendant is not liable, upon the allegations pleaded.

Affirmed.