MICHAEL LENNON, Appellant, *v.* MARY F. C. SMITH, Impleaded, etc., Respondent.

Plaintiff contracted to perform certain work for defendant, and to finish the same at a time specified. The contract fixed a sum as damages for each day the work remained unfinished beyond that specified. In an action upon the contract it appeared that there had been a substantial breach of the contract on plaintiff's part, such as to entitle defendant to be relieved from its obligations. *Held*, the latter could not repudiate the contract for the purpose of barring plaintiff's claim for his work,

Statement of case.

and at the same time seek to make it effectual for the recovery of damages for its breach; and as it appeared that the amount of work done by plaintiff exceeded the amount of damages, that a judgment dismissing the complaint and awarding defendant the full amount of damages was error.

*It seems* that if it had appeared that the damages exceeded the price or value of the work done by plaintiff, defendant would have been entitled to judgment for the excess.

(Argued March 16, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city of New York, entered upon an order made May 23, 1888, which affirmed a judgment in favor of defendant entered upon the report of a referee.

This action was brought upon a contract between the parties, whereby the plaintiff agreed to furnish the labor and materials and build and complete a cellar upon the plaintiff's premises at the price of thirty-five cents per cubic yard for excavation, and sixteen cents per cubic yard for walls, to be paid upon the order of the architect on completion. The contract contained this provision: "A penalty of twenty dollars to be enforced for each and every day that the work remains unfinished beyond the term " mentioned.

The referee found that the plaintiff abandoned the work before completion, and that the cellar was not so completed and ready for the framers to proceed until the expiration of twenty-seven days after the time specified for completing the work; and as conclusion of law determined that the twenty dollars per day provided for by the contract were liquidated damages, and directed judgment of dismissal of the complaint, and for $540 damages in favor of defendant.

*E. T. Wood* for appellant. The contract being substantially complied with, the plaintiff is entitled to recover without the certificate of the architect; the absence of a certificate is not fatal, and it may be supplied by other evidence. (*Doyle* v. *Halpin,* 1 J. & S. 252; *Thomas* v. *Fleury,* 26 N. Y. 26; *Woodward* v. *Fuller,* 80 id. 312; *Nolan* v. *Whitney,* 88 id. 648; *Loeffler* v.

*Froelich,* 35 Hun, 368; 11 Abb. [N. S.] 378; *Weeks* v. *McCarthy,* 47 N. Y. Supp. 1.) The referee erred in his finding as a conclusion of law that the absence of an architect's certificate was fatal unless fraudulently withheld. (*Doyle* v. *Halpin,* 1 J. & S. 252; *Thomas* v. *Fleury,* 26 N. Y. 26; *Woodward* v. *Fuller,* 80 id. 648; *Loeffler* v. *Froelich,* 35 Hun, 368; *Weeks* v. *McCarthy,* 47 N. Y. Supp. 1.) Plaintiff may be excused from completing the contract within the time limited, by acts on the part of the defendant preventing the completion. (*Stewart* v. *Keteltas,* 36 N. Y. 388; *Weeks* v. *Little,* 89 id. 566; Hoyt's Mechanics' Lien Law, 41–45.) The defendant had elected to rely upon the penalty alone for non-performance, if any, as to time, and to go on and complete the work. The defendant could not have both. When she agreed to and did employ another to finish the work, she elected to waive the penalty, not to rely upon it. (*Wheeler* v. *Scofield,* 67 N. Y. 311.) But if plaintiff omitted any work called for by the contract which did not interfere with its general scope and which defendant could easily have supplied, nevertheless, under the decisions, he is entitled to recover on a *quantum meruit* if there has not been such a failure in the performance of the contract as to defeat the object and intention of the parties. (*Glacius* v. *Black,* 50 N. Y. 145; *Goodward* v. *Fuller,* 80 id. 312; *Heckman* v. *Pinkney,* 81 id. 211.) Where a sum per diem is given as liquidated damages for non-completion of contract by the contractor, and the defendant, not choosing to rely thereon for his security, proceeds to finish the work, he must be held to have waived the penalty which was imposed for the failure to complete the building in time. (*Murphy* v. *Buckman,* 66 N. Y. 297, 300; *Gillen* v. *Hubbard,* 2 Hilt. 303; Bigelow on Estoppel, 50.)

*Frank E. Smith* for respondent. The report of the referee is conclusive as to the facts. (*Stilwell* v. *M. L. Ins. Co.,* 72 N. Y. 385.) No questions of law arise under any of the exceptions taken to the findings of fact made by the referee. (*Flack* v. *Village of Green Island,* 33 N. Y. S. R. 339–342;

*Healy* v. *Clark*, 120 N. Y 642; *N. E. I. Co.* v. *G. E. R. R. Co.*, 91 id. 153; *Haag* v. *Hillemeier*, 120 id. 651.) Plaintiff, not having performed the work which, by his contract, he undertook to do, can recover nothing. (*Smith* v. *Brady*, 17 N. Y. 173; *Glacius* v. *Black*, 50 id. 145; *Woodward* v. *Fuller*, 80 id. 312; *Nolan* v. *Whitney*, 88 id. 648; *Schenke* v. *Rowell*, 3 Abb. [N. C.] 42.) The plaintiff, having willfully refused to perform a part of the work required by the contract, can recover nothing. (*Crane* v. *Knubel*, 61 N. Y. 645.) The failure to procure the certificate of the architect was also fatal to any recovery by plaintiff. (*Doll* v. *Noble*, 116 N. Y. 230; *Barton* v. *Herman*, 11 Abb. [N. S.] 378; *Smith* v. *Wright*, 6 T. & C. 694; *Guidet* v. *Mayor, etc.*, 4 J. & S. 557; *Cross* v. *Belknap*, 24 Wkly. Dig. 256.) The money judgment awarded to defendant under the counter-claim is correct. (1 Sutherland on Dam. 512, 520; *Cotheal* v. *Talmadge*, 9 N. Y. 551; *O'Donnell* v. *Rosenberg*, 14 Abb. [N. S.] 59; *Pettis* v. *Bloomer*, 21 How. Pr. 317; *Farnham* v. *Ross*, 2 Hall, 167; Pollock on Cont. 467; *Noyes* v. *Phillips*, 60 N. Y. 408; *Sainlis* v. *Ferguson*, 7 C. B. 716.)

BRADLEY, J. The plaintiff entered upon the performance of the work. And whether or not he substantially performed it depended upon other facts which the referee found against the plaintiff. There were several controverted questions of fact, which it is unnecessary to specifically mention here, since there was evidence to support the facts as found by the referee; and upon them the conclusion was warranted that there was a substantial breach of the contract on the part of the plaintiff available to defeat a recovery by him. (*Smith* v. *Brady*, 17 N. Y. 173.) But having determined that the defendant was entitled to relief from the obligation of her contract by the breach of it by the plaintiff, and having for that reason wholly relieved her from it accordingly, it is difficult to see how the referee could properly have awarded damages in her favor against the plaintiff for the non-performance of the contract. She could not repudiate the contract for the purpose of barring

the plaintiff's claim for his work, and at the same time make it effectual for the recovery of damages against him for its breach, although she might, if the facts permitted recover damages, if any there were, in excess of the price or value of the plaintiff's work. And the reason is that in such case the contract is permitted to remain operative for the purpose of the remedy and relief of both parties to it, and it is no less essential to support the defendant's claim for damages than it is to sustain that of the plaintiff founded upon it for his work. It is apparent that a rule having the effect to give one of the parties to a contract the benefit of it to the exclusion of the other in the same action, would or might work very unjustly to the latter and quite unreasonably to the profit of the former. (*Walker* v. *Millard*, 29 N. Y. 375; *Woodward* v. *Fuller*, 80 id. 312.) In the present case the conclusion was warranted by the evidence that the work performed by the defendant at the contract prices amounted to more than the damages recovered by the defendant. The effect of the recovery directed by the referee was to give the defendant the benefit, such as it was, of all the work performed by the plaintiff and, in addition, the damages awarded to her against him. This was justified by no sound principle of law. The conclusion of law was based upon the fact found that the work which the plaintiff undertook by the contract to do, was not substantially performed by him, not that his work was of no value to the defendant.

The view thus taken renders the consideration of any other question unnecessary.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.