(120 App. Div. 515)

### BROWN v. MADER.

(Supreme Court, Appellate Division, Second Department. June 21, 1907.)

DAMAGES—BREACH OF CONTRACT.

   It is error to allow as damages, for not completing work contracted to be done, the cost of completing it, without allowing the contractor the contract price.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 307, 308.]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Isaac Brown against Louise Mader. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Adolph Feldblum, for appellant.
Francis A. McCloskey, for respondent.

MILLER, J. The plaintiff sued to recover a balance of $80 claimed to be due on a painting contract and $26.13 for extra work. The answer was a general denial and a counterclaim of $150 for breach of

contract. On the trial the defendant claimed that the plaintiff had not completely performed his contract, and certain hearsay testimony was admitted to the effect that it would cost $85 to complete the work. The Municipal Court gave the defendant judgment on the counterclaim for $50 damages, and the plaintiff appeals.

The appellant insists that the trial court erred in finding that the plaintiff had not substantially performed; but it is unnecessary to consider this question, because in any view of the case the judgment cannot be supported. The judgment compels the plaintiff to give the defendant the work done and to pay for finishing it. If the defendant was entitled to damages on his counterclaim, those damages would not be the cost of completing the contract, except allowance were made to the plaintiff for the contract price.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.