SCHWARTZ et al. v. KUHN.

(Supreme Court, Appellate Term. January 5, 1911.)

1. DAMAGES (§ 123*) — BUILDING CONTRACTS — OBLIGATION OF ARCHITECTS — BREACH.

Where an architect, agreeing with an owner to prepare plans for ·and superintend the erection of a building, failed to exercise ordinary skill in supervising the work, resulting in defects in construction, the owner could show the cost of putting the building in the condition it should have been in and recover such sum as would leave him as well off as he would have been if the architect had fully performed his contract.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 123.*]

2. SET-OFF AND COUNTERCLAIM (§ 59*)—ARCHITECT'S CONTRACT—DAMAGES.

Where an owner, setting up against the demand of an architect for fees for preparing plans for and supervising the erection of a building a counterclaim for damages from the failure of the architect to exercise ordinary skill, offered uncontradicted evidence prima facie showing damages in excess of the architect's demand, the amount due the owner on his counterclaim should have been found, and damages in excess of plaintiff's claim awarded, and it was error to dismiss the counterclaim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 130–132; Dec. Dig. § 59.*]

3. CONTRACTS (§ 305*) — BUILDING CONTRACTS — LIABILITY OF ARCHITECT — WAIVER.

An owner who pays the contract price for the erection of the building, notwithstanding the failure to perform the contract, does not thereby release the architect employed to prepare plans for and supervise the erec-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the building from liability for his failure to exercise ordinary skill in supervising the work, especially where in his settlement with the contractor the owner expressly reserves his rights against the architect.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 305.*]

Appeal from City Court of New York, Trial Term.

Action by Simon I. Schwartz and another against August Kuhn. From so much of the judgment as dismissed the counterclaim, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Page, Crawford & Tuska (Benjamin Tuska and Carl S. Stern, of counsel), for appellant.

Bloomberg & Bloomberg (Edward N. Bloomberg, of counsel), for respondents.

BRADY, J. This action was brought to foreclose a mechanic's lien filed by the plaintiffs, a firm of architects, against the defendant, as the owner of premises in the borough of the Bronx. The claim of the plaintiffs was for a balance alleged to be due for architect's fees, and the defendant set up a counterclaim for damages, upon the ground that the plaintiffs failed to exercise the due skill contracted for in the contract mentioned in the complaint, by reason of which failure the buildings erected under said contract were defective in certain respects enumerated in the schedule annexed to the amended answer.

The learned trial court found as matter of fact that plaintiffs, as architects, agreed to prepare plans and specifications for the erection of certain buildings and as architects to superintend and supervise the erection and construction of said buildings and the work of the contractors thereon until the completion thereof, and to counsel and advise the defendant to the best of their professional ability as architects, respecting the planning, laying out, and construction of said buildings, including all details relating thereto, especially with reference to style, durability, and compliance with the provisions of law bearing on the construction of buildings on said premises, and defendant agreed to pay plaintiffs for the labor and services so to be performed 5 per cent. upon the cost of construction of said buildings; that pursuant to said contract plaintiffs prepared plans and specifications for the erection of said buildings and began to supervise the construction thereof; that List & Rose, as builders, and the defendant, as owner, entered into a contract whereby said builders agreed to construct said buildings upon said premises in accordance with said plans and specifications for the sum of $15,564, which contract, among other things, provided that the architects may condemn and order the removal of unsound and defective work. The trial court also found that the buildings so constructed failed to comply with the specific provisions of the plans and specifications in many respects detailed in various findings, and that many of such defects and omissions were discoverable and remediable by the plaintiffs in the exercise of due, ordinary, and reasonable care and skill, and were obvious and apparent during the course and progress of the work; that by reason of

the negligence, incompetence, and lack of reasonable skill in the supervision and superintendence of the work of construction of said buildings the same were defective in the manner and respects as found; and that, by reason of the negligent and unskillful preparation of said plans, the buildings are defective in manner and respect as found.

The trial court also found as conclusions of law that the plaintiffs did not perform and did not substantially perform the obligations of their contract, as architects, on their part to be performed, and conducted their superintendence and supervision in a negligent and improper manner, and failed to exercise in such superintendence reasonable technical skill, by reason whereof the buildings constructed are defective in the respects as found, and failed faithfully to perform their contract as architects by reason of their failure to condemn improper work called to their attention and by reason of their failure to advise and assist defendant in the remedying of the defects.

The defendant has paid the builders the full amount of their contract price, deducting, however, with their consent, the sum of $1,000 to protect him from possible loss by reason of the fact that the buildings as constructed encroached upon the public street, and has paid the plaintiffs the sum of $244.50.

The learned trial judge dismissed the complaint and against the objection and exception of the defendant dismissed the counterclaim.

The court having found that the plaintiffs were guilty of negligence and had failed to perform their duties with due or ordinary skill, and that various serious defects in construction had been shown to be due to such negligence, the defendant was entitled to show the cost of putting the buildings in the condition in which they would have been had the plaintiffs performed their contract and to recover a sum which would leave him as well off as he would have been had plaintiffs fully performed their contract. Straus v. Buchman, 96 App. Div. 274, 89 N. Y. Supp. 226. If such amount should exceed the amount unpaid the. plaintiffs on their contract, he was entitled to recover the excess. Lennon v. Smith, 124 N. Y. 582, 27 N. E. 243. In dismissing the counterclaim the learned justice expressed the opinion that the counterclaim had been exaggerated by the defendant and by his witnesses. That may have been true; but, in view of the court's findings and of the fact that the defendant offered uncontradicted evidence in support of his counterclaim which prima facie showed damage in excess of the amount claimed by the plaintiffs, the amount due defendant on his counterclaim should have been found and judgment awarded him, for such excess. The fact that the defendant paid the builders in .full, and which payment he was not bound to make, does not affect the case. The trial court found that the plaintiffs failed to discharge their duty and that the builders failed to discharge them; they were both liable to defendant in damages, but the fact that defendant did not take advantage of his remedy against the builders does not discharge the default of the plaintiffs (Peterson v. Rawson, 34 N. Y. 370), and, besides, defendant in his settlement agreement with the builders expressly reserved his rights against the architects (Gilbert v. Finch, 173 N. Y. 455, 66 N. E. 133, 61 L. R.

A. 807, 93 Am. St. Rep. 623). The plaintiffs do not appeal from the judgment dismissing the complaint. The defendant appeals from the judgment so far as it dismisses his counterclaim.

The judgment in so far as it dismisses the counterclaim should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.