### SCHWARZ et al. v. KUHN.

(City Court of New York, Trial Term. September 4, 1912.)

1. APPEAL AND ERROR (§ 1212*)—REVERSAL—SECOND TRIAL—QUESTIONS CON-
CLUDED.

A former trial is final only as to such matters as were necessary to the determination of the issue, and findings concerning nonessentials do not preclude a subsequent trial; but where a question of fact is determined, which in view of the issue framed is material, the decision is thereafter binding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713; Dec. Dig. § 1212.*]

2. APPEAL AND ERROR (§ 1212*)—REVERSAL—SECOND TRIAL—QUESTIONS CON-
CLUDED.

Where, in an action by an architect to recover on a lien filed by him as architect in charge of the construction of a building of the owner, such owner pleaded the general denial and a counterclaim based on a breach of the contract, and the court found that the architect had been negligent, and the complaint and counterclaim were dismissed, and the court, on the appeal of the owner, reversed the judgment as to the counterclaim, the judgment of the trial court was conclusive on the issue of negligence of the architect, and the only question remaining on a second trial was the amount of damages sustained by the owner.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4713; Dec. Dig. § 1212.*]

Action by Simon I. Schwarz and another against August Kuhn. Judgment for defendant.

See, also, 71 Misc. Rep. 149, 126 N. Y. Supp. 568.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Crawford & Tuska, of New York City (Benj. Tuska and Carl S. Stern, of New York City, of counsel), for Kuhn and Page.

Bloomberg & Bloomberg, of New York City (Edward N. Bloomberg, of New York City, of counsel), for Schwarz.

SCHMUCK, J. To a clear understanding of the present status of this litigation a narration of its history is quite essential. Originally this suit was instituted to recover upon a lien filed by the plaintiffs as architects in charge of the construction of the premises of the defendant. In addition to a general denial of the plaintiffs' claim, the defendant interposed a counterclaim founded upon a breach of contract. Upon the first trial the court dismissed both the complaint and the counterclaim. Dissatisfied with such result, the defendant appealed from the dismissal of the counterclaim, asserting that, as the court found the plaintiffs guilty of negligence, the counterclaim should have been allowed. From the dismissal of the complaint no appeal was taken, the plaintiffs apparently being content therewith. The appeal proving successful, this trial propounds a problem of dual nature. In the first instance, the most important question is whether, in view of that which has already transpired, the question of the plaintiffs' negligence is still a mooted one. If it is not, then this trial is had solely for the purpose of determining the amount of damage suffered by the defendant. If the question of negligence is still open, then that question must be determined as a novel question on this trial, regardless of the proceedings heretofore had.

[1] It is contended by the plaintiffs that the court is in no wise precluded by the former trial and appeal from considering the question of negligence as an original proposition. The defendant opposes this view, asserting that on this trial the court is bound by the material findings of the former trial. Conceding the logic and force of House v. Lockwood, 137 N. Y. 259, 33 N. E. 595, and accepting the doctrine therein stated concerning the binding force of a former trial, there is nothing in that authority which contravenes defendant's position in this matter. It is indisputable that a former trial is final only as to such matters as were necessary to the determination of the issue. Necessarily findings concerning nonessentials do no wise bind or preclude on a subsequent trial. The authorities are clear that where a question or fact is determined, which in view of the issue framed is material to the determination of that issue, such resolution of fact is of binding effect ever thereafter. Mayor, etc., v. Brady, 151 N. Y. 611, 45 N. E. 1122.

[2] On the first trial the question of performance was not only material, but vital. The finding of negligence on the part of the plaintiffs is in consequence a material and binding one, as such fact is essentially part of the issue. Therefore the findings heretofore had of particular defects demand the application of the doctrine of res adjudicata. Each and every fact thereby adjudged was not only litigated, but the determination thereof was indispensable to a decision of the action. If no defects in the work was discovered, then the plaintiffs would have performed their work and earned their commis-

sion. If no serious defect was found in the work, then the plaintiffs could have claimed substantial performance, and thus supported their action. It must therefore be evident that the question of the performance of the work by the contractors and the defective nature of the work was of vital importance in determining whether the plaintiffs were negligent in the manner in which they supervised such construction. Those questions were litigated on the first trial, and every finding of the court on that trial concerning defective construction is therefore binding on this trial. Fulton Co. C. & E. Co. v. Hudson River T. Co., 200 N. Y. 287, 93 N. E. 1052. The question of plaintiffs' negligence is therefore no longer open to discussion. As was written on the appeal herein, the court having found the plaintiffs guilty of negligence, the defendant is entitled to. establish his damage occasioned thereby. Schwartz et al. v. Kuhn, 71 Misc. Rep. 149, 126 N. Y. Supp. 568.

Concluded by the material findings of the first trial, the court on this trial has no course open save to determine this litigation favorably to the defendant. His discretion, if at all, can only be exercised concerning such defects as were not passed upon at the first trial. On the first trial it was determined that the building was defective in many particulars, and that those defects were not rectified because of the negligence of the plaintiffs. The conclusions of law had on that trial clearly state that, due to plaintiffs' failure to faithfully perform their contract as architects, the building was defectively constructed, as indicated in findings of fact numbered 6 to 69, inclusive. The defects thus evidenced establish that the cellar concreting, show windows, window bracing, water tables, store entrances, cellar doors, valves, boilers, girder and beam construction, and other parts of the building were not in accordance with the plans and specifications. These, supplemented by the evidence of this trial, indicate that the defendant suffered serious damage by reason of the manner in which the work was done. Applying the principle and rule laid down in Straus v. Buchman, 96 App. Div. 274, 89 N. Y. Supp. 226, the damage suffered by the defendant is computed to amount to $1,705.66. Reducing this amount by the amount remaining unpaid to the plaintiffs on the contract, and which amounts to the sum of $544.65 (Lennon v. Smith, 124 N. Y. 578, 27 N. E. 243; Brown v. Mader, 120 App. Div. 515, 105 N. Y. Supp. 70), judgment must be decreed in favor of the defendant in the sum of $1,161.01, with costs.

Present findings and decision in accordance with the above, giving two days' notice of settlement.