## LIBERTY MUT. INS. CO. v. AMERICAN INCINERATOR CO., Inc., et al.

District Court, S. D. New York.
July 13, 1931.

John P. Smith, of New York City (Thomas D. Scoble, Jr., of New Rochelle, N. Y., of counsel), for plaintiff.

Evan Shelby, of New York City (John E. Walker, of New York City, of counsel), for defendant Abbott Merkt & Co., Inc.

WOOLSEY, District Judge.

The motion by the defendant for judgment dismissing the complaint as to the first cause of action is granted, without leave to amend, and as to the second cause of action it is granted, with leave to amend.

The motion by the plaintiff is, consequently, denied.

I. These are cross-motions made in a cause duly removed to this court from the Supreme Court of New York state for New York county.

II. The plaintiff is a corporation of Massachusetts and at the times here concerned was the insurance carrier of Bloomingdale Bros., Inc., the well-known department store, in respect of the workmen's compensation insurance required by New York state.

The defendant Abbott Merkt & Co., Inc., hereinafter called Merkt, is a corporation of the state of New Jersey.

The ground for removal of the cause to this court was that the cause of action against Merkt was severable from that against the other defendants. It seems to me from an examination of the complaint that such severability is established, for the torts alleged against each defendant spring from the separate duties of each. As a result the case is properly here and I have jurisdiction to deal with it.

III. On the 29th day of September, 1928, one George Frederick Taylor was employed by the Bloomingdale Bros. as fireman in charge of the boiler, incinerator, and other appliances in a warehouse owned by it. Whilst in the discharge of his duties Taylor was killed by the collapse of an archway over a flue leading to the incinerator whereby he was precipitated into the flue and gas chambers thereof.

The incinerator is alleged to have been constructed by the American Incinerator Company, Inc., one of the defendants named, but not served with process.

The incinerator and appurtenances are alleged to have been constructed under the superintendence of and in pursuance of plans and specifications approved by the defendant Merkt.

It is contended that the construction was not in accordance with the specifications, and, due to the negligent superintendence of Merkt, the incinerator was constructed in a faulty and careless manner without regard to recognized standards of engineering, with a result that it constituted, in effect, a dangerous trap and a continuing nuisance to all who had occasion to use it and to work about it.

It is alleged that after the death of George Frederick Taylor, his legal representatives, dependents, and next of kin elected to take Workmen's Compensation under chapter 615 of the Laws of 1922 (Consol. Laws, c. 67), and presented a claim to his employer, Bloomingdale Bros., and that, on this claim, the State Industrial Board duly made awards for compensation to his widow, Sarah Taylor, and dependent children, that this award has been paid by the plaintiff, as well as money for the funeral and burial expenses of the decedent.

It is alleged that by virtue of the contract of insurance between the plaintiff and Bloomingdale Bros., securing compensation to the latter's employees, and by virtue of the Workmen's Compensation Law, under which compensation was awarded to Sarah Taylor, widow of George Frederick Taylor, and of the payments made by the plaintiff as insurance carrier under that award, an assignment was effected to the plaintiff of any cause of action which the decedent's personal representative might have had against the defendants.

For a second cause of action, the plaintiff alleges that the cause of the death of Taylor, the employee of Bloomingdale Bros., was the failure of Merkt to fulfill the terms of a contract entered into between it and Bloomingdale Bros., on July 12, 1926; that an award was made by the State Industrial Board in favor of the widow of Taylor for $8.655 per week from the date of his death during her lifetime and the sum of $1.322 from the date of his death until the certain named children reach the age of eighteen years; that by reason of payments made in pursuance of this award, the plaintiff has

discharged the entire legal obligation of Bloomingdale Bros. to the widow of the employee Taylor and his children, and is subrogated both by operation of law and by virtue of the specific terms of the said workmen's compensation insurance policy in force between Bloomingdale Bros. and the plaintiff to all rights of recovery which might be had by Bloomingdale Bros. against the defendant Merkt, owing to its breach of contract of July 12, 1926, for the designing and construction of the incinerator.

The answer of the defendant denies various allegations contained in the complaint and pleads two affirmative defenses to the two causes of action therein stated. Of these two affirmative defenses, the second only is material here. In that it is alleged that George Frederick Taylor at the time of his death had two children who were over the age of eighteen years, and, consequently, not within the ambit of the protection of the Workmen's Compensation Statute.

The defendant made a motion in conformity with the practice provided for under section 274 of the Civil Practice Act, directing that the plaintiff reply to the new matter thus set up in the second separate defense referred to.

An order for reply was entered, and thereafter a reply was filed in which it was admitted that George Frederick Taylor at the time of his death, September 29, 1928, left surviving a widow of the age of thirty-eight years and ten children. The dates of the births of the children are given; it is thereby shown that two of them, a daughter, Dorothy Taylor, born in 1906, and a son, Charles Taylor, born in 1907, were over the age of eighteen years at that time.

IV. Under the first cause of action, the plaintiff contends that it is subrogated to the remedies and rights of action of the employee Taylor, or his personal representative, against third persons whose injury may have caused his death.

The provision of the Workmen's Compensation law invoked for this is section 29, which, so far as relevant, reads as follows:

"*Subrogation to remedies of employees.* If an employee entitled to compensation under this chapter be * * * killed by the negligence or wrong of another not in the same employ * * * [and] if * * * his dependents, elect to take compensation under this chapter, the awarding of compensation shall operate as an assignment of the cause of action against such other * * *

insurance carrier liable for the payment of such compensation. * . * * "

This section of the Workmen's Compensation law must be read in connection with the other sections of that act, and, if so read, it will be seen that by section 16 of the act death benefits thereunder are limited, so far as children are concerned, to those under eighteen years of age.

Under section 130 of the Decedent Estate Law of New York (Consol. Laws c. 13), an action for death caused by negligence is maintainable only by the personal representative of the decedent, and any recovery in such action inures to the benefit of all next of kin.

Consequently the ambit of the recovery under section 29 of the Workmen's Compensation Act is narrower and involves subrogation to the rights of a more restricted class of persons than the class permitted to share in a recovery by a personal representative, under section 130 of the Decedent Estate Law, for death wrongfully caused.

The result is that suit in the name of the insurance carrier under section 29 is only available to such carrier when the class of persons to whom it has paid compensation includes all the next of kin, that is, when, if there be children of the decedent, they are all under eighteen.

Otherwise the insurance carrier would be splitting for its own benefit the cause of action which the personal representative has for the benefit of all next of kin under section 130 of the Decedent Estate Law, with the possible result that the wrongdoer might have two actions brought against him. Such is the rationale of U. S. Fidelity & Guaranty Company v. Graham & Norton Company, 254 N. Y. 50, 54, 171 N. E. 903, and Matter of Zirpola, Inc., v. Casselman, Inc., 237 N. Y. 367, 375, 143 N. E. 222.

In the instant case, as two of the decedent's children are over eighteen, the plaintiff, as insurance carrier, has not any locus standi to maintain the first cause of action in its own name owing to the salutary rule against splitting causes of action.

It is unnecessary, therefore, for me to consider, in connection with the first cause of action, the question whether the plaintiff can be considered to have charged therein such negligence on the part of the defendant Merkt as to state a cause of action.

A judgment finally dismissing the first cause of action with costs, accordingly, must be entered.

V. In so far as the second alleged cause of action is concerned, I think that the complaint must be dismissed, with leave to amend.

■ In the first place, the subrogation allowed by section 29 of the Workmen's Compensation Law is a subrogation to the cause of action, if any, which may inhere in the employee who is injured or killed, against a negligent third party. It does not provide any subrogation to the employer's right of action against a negligent third party.

■ The whole theory of the Workmen's Compensation Law is that, when the employer, by engaging an insurance carrier and by paying him premiums, provides compensation for his employees, he has done what is required of him under the law and is, in effect, relieved of its provisions. Cf. Matter of Jensen v. Southern Pacific Co., 215 N. Y. 514, 519, 524, 525, 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276; reversed on a wholly different point, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900.

VI. Section 10 of the Workmen's Compensation Law N. Y., so far as is relevant to the present discussion, provides:

"§ 10. *Liability for compensation.* Every employer subject to this chapter shall in accordance with this chapter *secure* compensation to his employees and pay or *provide* compensation for their disability or death from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury. * * * " (Italics mine.)

Section 54 of the Workmen's Compensation Law N. Y., provides, inter alia:

"§ 54. *The insurance contract.* 1. Right of recourse to the insurance carrier. Every policy of insurance covering the liability of the employer for compensation issued by a stock company or by a mutual association authorized to transact workmen's compensation insurance in this state shall contain a provision setting forth the right of the commissioner to enforce in the name of the people of the state of New York for the benefit of the person entitled to the compensation insured by the policy either by filing a separate application or by making the insurance carrier a party to the original application, the liability of the insurance carrier in whole or in part for the payment of such compensation; provided, however, that payment in whole or in part of such compensation by either the employer or the insur-

ance carrier shall to the extent thereof be a bar to the recovery against the other of the amount so paid.

"2. Knowledge and jurisdiction of the employer extended to cover the insurance carrier. Every such policy shall contain a provision that, as between the employee and the insurance carrier, the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier; that jurisdiction of the employer shall, for the purpose of this chapter, be jurisdiction of the insurance carrier and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards rendered against the employer for the payment of compensation under the provisions of this chapter.

"3. Insolvency of employer does not release the insurance carrier. Every such policy shall contain a provision to the effect that the insolvency or bankruptcy of the employer shall not relieve the insurance carrier from the payment of compensation for injuries or death sustained by an employee during the life of such policy."

■ It seems to me perfectly clear from these sections that an insurance carrier in the position of the plaintiff here has, by issuing his policy to cover an employer under the Workmen's Compensation Law, put himself under a direct liability to the employee, and, so far as subrogation is concerned under the law, his subrogation is only to the employee's rights as given under section 29.

In the last paragraph of the second cause of action—the twenty-fifth paragraph of the complaint—the basis of the liability of Merkt is frankly stated to be its contractual liability under its contract with Bloomingdale Bros., and the right over against Merkt on this cause of action is, apparently, based on the principle laid down in the case of Straus v. Buchman, 96 App. Div. 270, affirmed 184 N. Y. 545, 76 N. E. 1109.

■ VII. Obviously there is not any contractual privity between the plaintiff insurance carrier and Merkt, whose breach of contract with Bloomingdale Bros. is made the basis of the second cause of action.

It may be, however, that, as one of the considerations for entering into the contract of insurance carrier with Bloomingdale Bros., the plaintiff exacted in its insurance policy some provision giving it an assignment of rights which Bloomingdale Bros., as

the employer insured by it, might have against third parties in its own behalf. That, of course, would be a subrogation by contract and not by law.

Here, in the twenty-fifth article of the complaint, there is an allegation which really amounts to a conclusion of law that there is some such provision in the Workmen's Compensation insurance policy issued in this case.

█ If there be such a provision, I think that, in order properly to establish its locus standi under its second cause of action, which it has the burden of doing, the plaintiff should set forth the terms of the policy on which it relies in order that the third party defendant may be advised as to the basis of the claim of contractual subrogation, and, if so advised, thus become able to test its validity by appropriate interlocutory motion before trial.

Accordingly the complaint is dismissed as to the second cause of action, with leave to amend the complaint as to that cause of action only within twenty days in accordance with the views hereinabove expressed.

Settle order on two days' notice.